the Chief Justice delivered the unanimous opinion of the Court to the following effect:
M‘Kean, Chief Justice.
The intestate had left seven children all under the age of fourteen years; their mother married the Baron appellant. Upon petition to the Orphan’s Court by the children, for the appointment of guardians, Enoch Edwards, and another, were appointed. This appeal is founded upon an idea, that the guardian in Soccage, or by nurture, must be appointed, and that the Orphan’s Court have not a discretion.
In England, the next of kin, to whom the inheritance cannot descend, must be appointed guardian, the mother therefore would have been entitled to the appointment there; but in Pennsylvania, it depends on the 7 and 12 §. of the act of 12 Anne c. 3. And we all agree that by the true construction of these sections, the Orphan's Court have a power to assign the guardianship of minors under fourteen, to whom they please, according to their legal discretion; which legal discretion by §. 12 is confined to the choice of persons of the same religious persuasion, of good repute, and approved by the Orphan. If any of these objections should occur, the Court must appoint some other persons; which could not be the case, if they were confined to the guardian in foccage, or by nurture.
The opinion of the Court is conformably to the invariable practice in every County of the state, from the date of the act to this day: and the construction given to an act immediately after it has passed, cannot be altered at so distant a period, even although it might have been a little erroneous in the first instance.
The order of the Orphan's Court confirmed.